ALICE A. KRANZ, Plaintiff, *v.* SIDNEY KRANZ and Another, Defendants.

Supreme Court, Special Term, New York County, June 14, 1938.

*Harry Stern*, for the plaintiff.

*Benjamin Gold*, for the defendants.

LEVY, J. Plaintiff has brought this action for injunctive relief restraining the defendants from holding themselves out as husband and wife. Similar relief has already been denied by the Court of Appeals. (*Baumann* v. *Baumann*, 250 N. Y. 382.) It was there held that the plaintiff had the legal right to use the name " Baumann " and that the acts and conduct of the defendants were illegal. However, since plaintiff claimed only an injury to feelings, injunctive relief was denied. " Attempts to govern the morals of people by injunctions can only result in making ridiculous the courts which grant such decrees." Implicit in that decision was the rule that an invasion of personal and property rights would justify an injunction. Thus it was suggested that the defendant in that case, while using the name of " Baumann," was not impersonating the plaintiff. It is the opinion of the court, therefore, that the complaint in this action is to be distinguished from the Baumann complaint, and that it does allege a good cause of action. The plaintiff charges that as a direct result of defendants' unlawful conduct, there has been a confusion of names and identities, and that plaintiff has been deprived of opportunities to obtain gainful employment. That is a sufficient invasion of property rights to sustain the complaint.

The motion to dismiss must, therefore, be denied, with leave to answer within ten days after service of a copy of this order, with notice of entry. Order signed.